# EXHIBIT 3

## AMENDMENT NO. 1 TO THE GENERAL TERMS AGREEMENT

## BETWEEN PANASONIC AVIONICS CORPORATION

## AND WCA HOLDINGS III, LLC

This Amendment No. 1 ("AMENDMENT"), dated as of the 19th day of October, 2012, is made and entered into by and between **WCA HOLDINGS III, LLC**, a Montana corporation ("Buyer"), and **PANASONIC AVIONICS CORPORATION**, a Delaware corporation ("Panasonic").

### RECITALS:

**WHEREAS**, Buyer is the owner or that certain 737-73Q aircraft, serial number 30329, bearing United States Registration No. N162WC (the "Aircraft").

**WHEREAS**, Buyer and Panasonic are parties to that certain General Terms Agreement dated June 29, 2010 (the "Agreement"), pursuant to which, among other things, Panasonic agreed to install in the Aircraft a new cabin management system / in-flight entertainment system (the "eX1 System").

**WHEREAS**, on or about May 25, 2012 Panasonic provided to Buyer a completion schedule (the "Completion Schedule") showing that if Buyer delivered the Aircraft to Panasonic at Paine Field, Washington ("Paine Field") on or before July 16, 2012, Panasonic would complete the installation of the eX1 System in the Aircraft on or before September 20, 2012.

**WHEREAS**, in reliance on the Completion Schedule, Buyer delivered the Aircraft to Panasonic at Paine Field on July 16, 2012, and since that date Buyer has not had use of the Aircraft.

**WHEREAS**, on or about August 16, 2012 Panasonic informed Buyer that it would not be able to complete the installation of the eX1 System in the Aircraft by September 20, 2012 and that completion of the installation would take until November 28, 2012.

**WHEREAS**, Buyer and Panasonic wish to enter into this Amendment to set forth the agreements of Buyer and Panasonic regarding the extension of the date by which Panasonic will complete the installation of the eX1 System in the Aircraft.

**NOW, THEREFORE**, in consideration of the mutual covenants and promises herein set forth, the parties hereby agree as follows:

1.  **AFFIRMATION OF RECITALS**. The parties hereto affirm and acknowledge that all facts set forth in the Recitals of this Amendment are true and correct.

2.  **DEFINITIONS**. All capitalized terms used in this Amendment and not otherwise defined herein have the meanings specified in the Agreement.

3.  **EXTENSION OF COMPLETION DATE**. Panasonic agrees to complete the installation of the eX1 System in the Aircraft by December 20, 2012 (the "Extended Completion Date"), and, subject to the terms of this Amendment, Buyer agrees to extend the date by which Panasonic is required to complete the installation of the eX1 System in the Aircraft to the Extended Completion Date.



4. **COMPENSATION FOR EXTENSION.** In consideration of the agreement of Buyer to extend the date by which Panasonic is required to complete the installation of the eX1 System in the Aircraft as set forth in **Section 3** above, Panasonic agrees as follows:

    4.1 **Replacement Aircraft.** To compensate Buyer for its loss of use of the Aircraft, Panasonic shall pay to Buyer:

        (a) Four hundred fifty thousand ($450,000) for the period commencing September 20, 2012, and ending on October 19, 2012 and,

        (b) Four hundred fifty thousand ($450,000) for the period commencing October 20, 2012, and ending on November 19, 2012 and,

        (c) Four hundred fifty thousand ($450,000) for the period commencing November 20, 2012, and ending on December 20, 2012

    Such amounts shall be payable in arrears on September, October, and November 20, 2012 and will invoiced to Panasonic by the Buyer.

    4.2 **Warranty Extension.** Panasonic and Buyer each agree to amend the Agreement, and the Agreement is hereby amended to delete Sections 6.1.1 and 6.1.2 thereof and to substitute the following in their stead:

        4.2.1 The Products shall be free from defects in material and workmanship for a period commencing on the date of shipment of the Products (the "Shipment Date") and ending on the earlier to occur of (a) the date that is sixty (60) months after the Extended Completion Date or (b) the date that ownership of the Aircraft is transferred to an entity that is not controlled by or is under common control with Buyer.

        4.2.2 The Software shall substantially operate in accordance with the applicable specification for a period commencing on the date of installation (the "Installation Date") and ending on the earlier to occur of (a) the date that is one hundred eighty (180) days after the Installation Date or (b) the date that ownership of the Aircraft is transferred to an entity that is not controlled by or is under common control with Buyer.

    4.3 **Equipment Upgrade.** Panasonic shall install in the Aircraft in September 2017 (or such other month as the parties may agree) any and all upgrades to the eX1 System then available, including touch screens, Blu-ray players, audio speakers, LCD cabin monitors, cabin handsets, system remote controls and related software. All such upgrades to the eX1 System shall be covered by the warranty provided in Section 6 of the Agreement, as amended by this Amendment. It is the intention of the Buyer and Panasonic that the costs of all such upgrades shall be exchanged for Demonstration Flights as described below.

    4.4 **Demonstration Flights.** In the event that Buyer agrees to provide Aircraft demonstration flights for Panasonic or its prospective customers, Panasonic shall pay to Buyer an amount equal to the lesser of (a) for the reminder of calendar year 2012, $7,000.00 for each flight hour (or fraction thereof) elapsed during such demonstration flight or (b) for calendar year 2013, the Total Variable Cost/Hour as published in the Conklin and de Decker Aircraft Cost Report - 2012 Volume II, multiplied by 120%, or



$8,598.00, for each flight hour (or fraction thereof) elapsed during such demonstration flight or(c) the maximum amount permitted to be paid to Buyer under applicable FAA regulations to comply with Part 91 requirements.

For years subsequent to 2013, the hourly rate per flight hour shall be determined by multiplying the Total Variable Cost/Hour (from the previous year's Conklin and de Decker Aircraft Cost Report, Volume II) by 120%. For example, the 2014 hourly rate per flight hour will be 120% of the Total Variable Cost/Hour as published in the Conklin and de Decker Aircraft Cost Report - 2013 Volume II.

Panasonic acknowledges and agrees that nothing in this Amendment obligates Buyer to provide Aircraft demonstration flights for Panasonic or its prospective customers and that the provision of such flights shall be solely at Buyer's discretion, including, without limitation, Buyer's determination of Aircraft availability.

For any Demonstration Flight, the Buyer's or the Buyer's designee shall have the right to accompany Panasonic at the Buyer's sole discretion. Panasonic shall notify the Buyer in accordance with Exhibit D to the Agreement.

It is the intention of the parties that the Demonstration Flights will occur at an annual hour usage of approximately sixty (60) hours per year for a period of five years commencing on the Extended Completion Date. Panasonic is not obligated to use the quantity of hours stated above.

5. **GENERAL PROVISIONS**

   5.1   **Assignment.**   Neither party may assign this Amendment except as provided in Section 14.3 of the Agreement.

   5.2   **Notices.** Any notice, request, consent, demand or other communication given or required to be given under this Amendment shall be effective only if in writing and shall be deemed to have been given as provided in Section 14.5 of the Agreement.

   5.3   **Governing Law.** This Amendment and performance hereunder, shall be governed by and construed in accordance with the laws of the State of New York without regard to the conflict of laws principles thereof.

   5.4   **Entire Agreement.**

      5.4.1   This Amendment and the Agreement sets forth the entire understanding, and hereby supersedes any and all prior agreements, oral or written, heretofore made, between the parties with respect to the subject matter of this Amendment.

      5.4.2   No delay on the part of either party in exercising any of its respective rights hereunder or the failure to exercise the same, nor the acquiescence in or waiver of a breach of any term or condition of this Amendment shall be deemed or construed to operate as a waiver of such rights or acquiescence thereto except in the specific instance for which given.

      5.4.3   The terms and conditions of this Amendment may not be amended, changed, waived, varied or modified except by an amendment in writing signed by Duly Authorized Representatives of both parties.



- 5.4.4 The invalidity or unenforceability of any term or condition of this Amendment pursuant to any applicable law shall not affect the validity or enforceability of the remaining provisions hereof, but this Amendment shall be construed as if not containing the provision held invalid or unenforceable in the jurisdiction in which so held.

- 5.4.5 The section headings used herein do not form a part of this Amendment but are for convenience only and shall not limit or be deemed or construed in any way to affect or limit the meaning of the language of the Sections herein contained.

## 6. EXECUTION.

- 6.1 **Counterparts.** This Agreement may be executed in two or more counterparts, each of which shall be an original, and all of which, taken together, shall constitute one and the same Agreement.

- 6.2 **Duly Authorized.** Each party represents and warrants to the other party that the person executing this Amendment on its behalf is its Duly Authorized Representative.

[Remainder of page intentionally left blank; signature page follows]





IN WITNESS WHEREOF, each party has caused this Amendment to be executed on the respective dates entered below.

| WCA HOLDINGS III, LLC | PANASONIC AVIONICS CORPORATION |
|---|---|
| By: *Paul W. Keiper* | By: *Susan Hall* |
| Name: Paul W. Keiper | Name: SUSAN HALL |
| Title: Vice President | Title: VP LEGAL AFFAIRS |
| Date: November 6, 2012 | Date: NOVEMBER 15, 2012 |

