UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WCA HOLDINGS III, LLC<br><br>       Plaintiff,<br><br>-against-<br><br>PANASONIC AVIONICS CORPORATION,<br><br>       Defendant. | Case No. 1:20-cv-7472 (GHW) |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT
OF DEFENDANT PANASONIC AVIONICS CORPORATION'S
<u>MOTION TO DISMISS THE AMENDED COMPLAINT</u>**

                LOEB & LOEB LLP
                Wanda D. French-Brown
                Mary Jean Kim
                345 Park Avenue
                New York, New York 10154
                (212) 407-4000

# **TABLE OF CONTENTS**

                                                                     **Page**

TABLE OF AUTHORITIES ................................................................................................ ii

ARGUMENT ........................................................................................................................ 1

    I.      NO VIABLE BREACH OF CONTRACT CLAIM AS TO THE eX1 SYSTEM EXISTS ................................................................................................ 1

            A.      WCA's Claims for Breach are Time-Barred ................................................ 1

            B.      WCA Fails to Allege an Actionable Breach Concerning the eX1 System ........................................................................................................... 4

            C.      The eX1 system is Not Subject to any Express or Implied Warranty .......................................................................................................... 5

            D.      The Equipment Upgrade Bargain Lacks Mutuality of Obligation and is Incurably Indefinite ............................................................................. 6

    II.     PLAINTIFF'S EQUITABLE CLAIMS MUST BE DISMISSED .......................... 9

CONCLUSION ................................................................................................................... 10

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Arbitron, Inc. v. Tralyn Broad., Inc.*,
    400 F.3d 130 (2d Cir. 2005) ...................................................................................................9

*Ashland Inc. v. Morgan Stanley & Co.*,
    700 F. Supp. 2d 453 (S.D.N.Y. 2010), *aff'd*, 652 F.3d 333 (2d. Cir. 2011) ............................10

*Cardwell v. Davis Polk & Wardwell LLP*,
    No. 1:19-cv-10256-GHW, 2020 U.S. Dist. LEXIS 198655
    (S.D.N.Y. Oct. 24, 2020) (Woods, J.) ..................................................................................2, 4

*DDCLAB Ltd. v. E.I. du Pont de Nemours & Co.*,
    No. 03 CV 3654 (GBD), 2005 U.S. Dist. LEXIS 2721 (S.D.N.Y. Feb. 18, 2005) ...................9

*Gillespie v. St. Regis Residence Club, N.Y. Inc.*,
    343 F. Supp. 3d 332 (S.D.N.Y. 2018) (Woods, J.) ....................................................... 2-3, 4, 6

*Hagman v. Swenson*,
    149 A.D.3d 1 (1st Dep't 2017) ................................................................................................2

*Major League Baseball Props. v. Opening Day Prods.*,
    385 F. Supp. 2d 256 (S.D.N.Y. 2004) ..................................................................................8, 9

*Mariah Re Ltd. v. Am. Family Mut. Ins. Co.*,
    52 F. Supp. 3d 601 (S.D.N.Y. 2014) *aff'd*, 607 F. App'x 123 (2d Cir. 2015) ..........................7

*Woods v. Maytag*,
    No. 10-CV-0559 (ADS)(WDW), 2010 U.S. Dist. LEXIS 116595 (S.D.N.Y. Nov. 2, 2010) ...3

*Wyndham Hotel Grp. Intl., Inc. v. Silver Entm't LLC*,
    No. 15-CV-7996 (JPO), 2020 US Dist LEXIS 167642 (S.D.N.Y. Sep. 14, 2020) ...................7

Defendant Panasonic Avionics Corporation ("Panasonic"), by its attorneys, Loeb & Loeb LLP, respectfully submit this reply memorandum of law in further support of its motion to dismiss the amended complaint ("Amended Complaint") of Plaintiff WCA Holdings III, LLC ("WCA"), as to Count I with respect to the eX1 system, and Counts II and III, in their entireties, pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]

## ARGUMENT

### I. NO VIABLE BREACH OF CONTRACT CLAIM AS TO THE eX1 SYSTEM EXISTS

#### A. WCA's Claims for Breach are Time-Barred

It is undisputed that the eX1 system is not defined as a "Product" under the GTA or Amendment No. 4. Opp. 15. It is also undisputed that Panasonic completed installation of the eX1 system on or about May 19, 2013 (Am. Compl. ¶ 29), thus WCA's breach of contract claims are time-barred. In opposition, WCA falsely accuses Panasonic of acknowledging that "the running of the statute of limitation occurs from the date of breach, and not the date initial installation was complete" (Opp. 6) but WCA conflates the analysis of its separately pled claims. *Compare* Am. Compl. ¶¶ 47(a) and (b).

The moving papers (Mov. Br. 11-12) establish that WCA's claims are stale under: the N.Y.U.C.C.'s four-year statute of limitations, which accrued from the date of delivery or completion of installation of the eX1 system, or, under New York's six-year statute of limitations, which accrued at the time of breach, *i.e.*, upon installation of the eX1 system. Under either scenario, WCA's claims accrued on or about May 19, 2013 and expired well before the filing of

---

[1] Capitalized terms not defined herein have the meaning set forth in Panasonic's moving brief, dated December 17, 2020 ("Mov. Br.") (ECF Doc. No. ("Dkt.") 36). "Opp." means WCA's opposition to Panasonic's motion to dismiss, dated January 7, 2021 (Dkt. 39).

20175210                                1

this action. To the extent WCA now complains of faulty installation or contends the eX1 system is somehow a "Service," warrantied under section 6.1.2 of the GTA, that claim also accrued upon installation of the eX1 system (*i.e.*, the date of breach), and is similarly barred under the N.Y.U.C.C. or common law.[2]

Furthermore, WCA wrongly argues that the GTA is a contract for services (as opposed to one for the sale of goods), governed by a six-year statute of limitations Opp. 5-6. Unlike *Hagman* and *Golisano*, which involved service-oriented transactions (*e.g.*, providing design services for a luxury yacht and a residential home), the express terms demonstrate that the GTA is predominately for the sale of physical goods. Specifically, "One (1) Shipset eXConnect," which is defined as a "Product" (GTA, Exs. A and B), and the eX1 system (*id*. at Ex. F). *See* Mov. Br. 11, n.6 (citing Am. Compl. ¶¶ 15, 17, 47(a)). Indeed, the title page states the GTA is for the "eXConnect of BBJ" and the First Recital acknowledges that: "[WCA] desires to acquire from Panasonic and Panasonic is willing to provide to [WCA], certain products of Panasonic that are used in commercial aircraft, upon the terms and conditions which are hereinafter set forth." GTA, First Recital. Thus the eXConnect's broadband controller and antenna connectivity (*id*., Ex. A), and installation of the eX1 system (*id*., Ex. D) were "merely incidental" to the sale of goods involved, and do not convert the parties' transaction into a services contract. *Cf. Hagman v. Swenson*, 149 A.D.3d 1, 6 (1st Dep't 2017).

In addition, there is no basis to save WCA's untimely claims based on any theory of a continuing breach or purported "future performance" (Opp. 5, n.3; 6-7) given its inability to

---

[2] In any event, the Court should disregard this argument as an improper attempt by WCA to save its inadequately pled claims. *See Cardwell v. Davis Polk & Wardwell LLP*, No. 1:19-cv-10256-GHW, 2020 U.S. Dist. LEXIS 198655, at *74, n.19 (S.D.N.Y. Oct. 24, 2020) (Woods, J.) ("[a] party by making new factual allegations in a memorandum of law opposing that motion").

20175210                                2

identify any affirmative breach within the limitations period. *Gillespie v. St. Regis Residence Club, N.Y. Inc.*, 343 F. Supp. 3d 332, 339-40 (S.D.N.Y. 2018) (Woods, J.) (breach of contract claim cannot "survive a motion to dismiss where the plaintiff fails to allege the specific provisions of the contract upon which liability is predicated"); *see infra* at §§ I.B.-C.; Mov. Br. 10, 12-13.  WCA's reliance on *Woods v. Maytag* is also misplaced because the future warranties exception speaks only to *express*, not implied, warranties, and the court refused to apply the exception in any event. *See Woods v. Maytag*, No. 10-CV-0559 (ADS)(WDW), 2010 U.S. Dist. LEXIS 116595, at *7, 10 (S.D.N.Y. Nov. 2, 2010) (holding future performance exception did not apply where the "ONLY" written warranties provided for repair and replacement).  As argued in Panasonic's moving papers (Mov. Br. 12-14) and below (at § I.B.), no express warranty provision covers the eX1 system.[3]

WCA baselessly asserts that the GTA and Amendments "constitute a single contract" thus the filing of the complaint on September 11, 2020, less than three years after Amendment No. 4 extended the term through December 31, 2017, is timely. Opp. 7.  This argument fails because the parties agreed that Amendment No. 4, "supersede[d] any and all prior amendments, oral or written."[4]  *See* Amend. No. 4 § 7.4.  There is also no question of fact regarding the "reasonable time" for installing the eX1 system (Opp. 7) because it is undisputed that Panasonic installed the eX1 system in May 2013.[5]  Amend. No. 4, Third Recital.  Thus the assertion that the "GTA did

---

[3] Even if WCA identified an applicable warranty, the "exclusive remedy for any breach of the representations and warranties set forth in Section 6.1" of the GTA were solely at "Panasonic's option." GTA, § 6.2.

[4] WCA is also bound by its allegations, which make clear that Amendment No. 4 is relevant only with respect to WCA's claim that Panasonic was obligated to provide "all *Equipment Upgrades* for the eX1 system." Am. Compl. ¶ 37 (emphasis added); *see also id*. at ¶¶38-43, 47(c).

[5] This argument also fails to the extent it is entirely based on a misrepresented portion of this Court's decision in *Gillespie*, which declined to dismiss plaintiff's *implied covenant* claim as untimely, after already dismissing the breach of contract portion of the claim. *See Gillespie*, 343

not specify an installation date" is not only illogical, but also belied by express language articulating the schedule for Panasonic to install the eX1 system into the Aircraft (*e.g.*, the "Extended Completion Date"). *See* Amend. No. 1 § 3; Amend. Nos. 2-3 §§ 4.

### B. WCA Fails to Allege an Actionable Breach Concerning the eX1 System

As the moving papers establish (Mov. Br. 10), and WCA's opposition confirms (Opp. 8), nothing obligated Panasonic to install the eX1 system in a "fully working condition," or in accordance with "related specifications" or "Panasonic's representations." Am. Compl. ¶¶ 6, 47(a). WCA's failure to identify any provision Panasonic "breached" requires dismissal of the claim. *See*, *e.g.*, *Gillespie*, 343 F. Supp. 3d at 339-40.

WCA conveniently ignores the plain language of the GTA – whereby it expressly acknowledged that "*[a]dditional integration engineering and certification*" were required for the eX1 system (Mov. Br. 10-11) – and improperly attempts to stretch its allegations, arguing it "expressly alleged" that Panasonic breached "Exhibit F to the GTA, promising to engineer, certify and install a set of functional features in the eX1 system." Opp. 8 (citing Am. Compl. ¶¶ 19, 31 and 47(a))[6]. None of the cited paragraphs, however, supports this contention and "[a] party opposing a motion to dismiss cannot amend its complaint by making new factual allegations in a memorandum of law opposing that motion . . .". *Cardwell*, 2020 U.S. Dist. LEXIS 198655, at *74, n.19. In fact, the Amended Complaint is entirely devoid of any allegation that Panasonic failed to *engineer*, *certify* or *install* any "functional" feature of the eX1 system.

WCA's claims fail for the additional reason that Panasonic expressly disclaimed warranties "for any defects in the Products that have been caused by . . . improper installation, service or

---

F. Supp. 3d at 348; *cf.* Opp. at 7 (arguing *Gillespie* "found plaintiff's claims were timely under the six-year statute of limitations").

[6] WCA incorrectly cites to paragraph 46(a) of the Amended Complaint, which does not exist.

20175210  4

maintenance," and that "the functions contained in the Software will meet [WCA's] requirements or that the operation of the Software will be uninterrupted or error free." Mov. Br. 4 (quoting GTA §§ 7.1, 7.2).

### C. The eX1 system is Not Subject to any Express or Implied Warranty

WCA also fails to state a claim for breach of "Section 6 of the GTA and Amendments, warranting the Products, Software and Services." Opp. 8 (citing Am. Compl. ¶¶ 17, 36, and 47(b)[7]). As set forth in the moving brief, no express or implied warranty provision required Panasonic to repair or replace the eX1 system or ensure it is free from any defects in material or workmanship, as the parties chose *not* to include the eX1 system under the definition of "Products." Mov. Br. 12-13; *see supra* at n.3. While conceding (Opp. 15) that nothing in subsequent Amendments modified the definition of "Products" to include the eX1 system, WCA nevertheless argues that sections 6.1.1 (applicable to Products), 6.1.2 (applicable to Software) and 6.1.5 (applicable to Services) of the GTA warrantied the eX1 system. GTA, §§ 6.1.1, 6.1.2, and 6.1.5. WCA is wrong and entirely ignores the plain terms of the controlling writings.

The parties expressly amended, deleted, and superseded sections 6.1.1 and 6.1.2 of the GTA with Amendment No. 3 sections 5.2.1 (applicable to Products), and 5.2.2 (applicable to Software). *See* Mov. Br. 13 (citing Amend. No. 3 §§ 5.2.1 and 5.2.2). Thus the controlling warranty provision for Products is section 5.2.1; however, as previously argued (Mov. Br. 13-14), the definition of "Products" does not include the eX1 system. Tellingly, the parties, both of whom WCA acknowledges are sophisticated business entities (Opp. 10) decided to expand the definition of "Products" to include the New Broadband Controller and any Equipment Upgrades (*see* Mov. Br. 14), yet provided no such similar language for the eX1 system. *See* Amend. No. 4 § 6.

---

[7] WCA incorrectly cites to paragraph 46(b) of the Amended Complaint, which does not exist.

20175210                                    5

Similarly, WCA's claim that Panasonic breached the warranty provisions of the GTA relating to Software and Services by "failing and refusing to repair or replace the eX1 system" (Am. Compl. ¶ 47(b)) fails for the same reasons (*supra*, § I.B) articulated above. *See also*, n.3. Contrary to WCA's remaining arguments (Opp. 15), the plain terms of Exhibit F to the GTA do not create any express warranty for the certification or installation of the eX1 system. *See* Mov. Br. 13; *see supra*, § I.A. Pursuant to Amendment No. 4, the warranty in the Equipment Upgrades provision, only applies to *upgrades* to the eX1 System that were to be installed in September 2017 (*see* Amend. No. 4 § 3.1), but the parties did not extend this provision to the eX1 system itself, which was installed in May 2013. *See also* Mov. Br. 13-14. Accordingly, enforcing the clear and unambiguous terms of the GTA and Amendment No. 4 here, requires dismissal of this claim because no express or implied warranty provision governing the eX1 system exists. *See Gillespie*, 343 F. Supp. 3d at 340.

### D. The Equipment Upgrade Bargain Lacks Mutuality of Obligation and is Incurably Indefinite

Amendment No. 4 unambiguously and clearly states that "it is the intention of [WCA] and Panasonic that the costs of all such upgrades shall be exchanged for Demonstration Flights." Amend. No. 4 § 3.1; *see also* Mov. Br. 16. Under New York law, written agreements are construed in accordance with the parties' intent, and "[t]he best evidence of what parties to a written agreement intend is what they say in their writing." *Gillespie*, 343 F. Supp. 3d at 340 (quoting *Greenfield v. Phillies Records*, 98 N.Y.2d 562, 569 (2002)). "Thus, a written agreement that is complete, clear and unambiguous on its face must be interpreted according to the plain meaning of its terms." *Id*. (brackets, internal quotations and citations omitted).

WCA agrees (Opp. 10) that the parties' express written intent was that "the costs of all such [Equipment] [U]pgrades shall be exchanged for Demonstration Flights" as set forth in

Amendment No. 4.  While conceding this was supposed to be the "consideration," WCA acknowledges that it was not obligated to provide Demonstration Flights (*see id*.) ("[n]othing *obligated* WCA to provide payment in the form of demonstration flights"), and in the same breath argues that consideration existed in the form of: (i) "numerous counter-promises from WCA" and (ii) an alternative payment structure. *Id*. 9-10.  There is simply no support (and WCA cites to none) for the claim that the "Parties acknowledged that each Amendment was supported by consideration" and/or "correctly acknowledged that each Amendment contained mutual covenants and promises." *Id*.  Amendment No. 4 is dispositive, in any event.  *See* Amend. No. 4, § 7.4.

Furthermore, it is black letter law that "past consideration is insufficient to support an agreement entered into subsequent to a primary contract" and thus "the subsequent agreement 'must be supported by new and independent consideration.'"  *Wyndham Hotel Grp. Intl., Inc. v. Silver Entm't LLC*, No. 15-CV-7996 (JPO), 2020 US Dist LEXIS 167642, at *6 (S.D.N.Y. Sep. 14, 2020); *see* Opp. 11, n.6.  Pursuant to Amendment Nos. 1-3, Panasonic unequivocally agreed to (and did) pay WCA by specific dates as consideration to extend the date of installation of the eX1 system.  *See* Amend. No. 1 § 4.1; Amendment Nos. 2-3 §§ 5.1.  This past consideration cannot support the Equipment Upgrade Bargain in Amendment No. 4, which on its face, lacks "new and independent consideration" on WCA's part.  *Wyndham*, 2020 US Dist LEXIS 167642, at *6; Mov. Br. 16.

WCA's alternative payment method argument (Opp. 11) fares no better, and directly conflicts with the express language of Amendment No. 4, which did not bind WCA to do anything.  *See Mariah Re Ltd. v. Am. Family Mut. Ins. Co.*, 52 F. Supp. 3d 601, 615 (S.D.N.Y. 2014) (finding plaintiff's "reading strains the plain meaning of [the contract provision]," noting "courts should not rewrite the contracts before them") *aff'd*, 607 F. App'x 123 (2d Cir. 2015) (citations and

bracket omitted). The absurdity of this argument is underscored by WCA's utter failure to allege that it provided Demonstration Flights in exchange for Equipment Upgrades (Mov. Br. 18), in particular, after execution of Amendment No. 4 in April 2017, or that it tried to provide "in-kind" payment for Equipment Upgrades. WCA additionally conflates the fact that it provided demonstration flights and flight-testing for FAA certification for the *eX1 system* (Opp. 10), which is distinct from the Demonstration Flights (a defined term) that the parties intended to be exchanged for the costs of the Equipment Upgrades. *See* Am. Comp. ¶ 30; Amend. No. 4 § 3.1; Amend. No. 3 § 5.4. Nor does the GTA have any bearing whatsoever on the Equipment Upgrade Bargain because the parties could not have contemplated "any and all upgrades to the eX1 System then available" in *September 2017*, when they executed the GTA in *2010*. Amend. No. 4 § 3.1.

With regard to indefiniteness (Mov. Br. 17-20), WCA acknowledges it is not entitled to Equipment Upgrades "without paying for them." Opp. 11. Nonetheless, WCA is asking the Court to enforce a so-called contract requiring Panasonic to now install the Equipment Upgrades "then available" in September 2017. Yet WCA cannot point to any provision in Amendment No. 4 setting forth pricing terms, or identifying "any and all" Equipment Upgrades which were available at that time. WCA's arguments that the Amendments "included a list of the expected upgrades that *might have been available*" (Opp. 12, emphasis added) and that Panasonic failed "to make *any effort* to identify and install the applicable upgrades" (Opp. 17) confirms the impenetrable vagueness and lack of essential terms of the Equipment Upgrade Bargain. The very use of the phrases "any and all" and "then available" (Amend. No. 4 § 3.1) is vague and make it impossible to identify the Equipment Upgrades.

Even if WCA could identify the Equipment Upgrades (which it cannot) there is no way to infer what was available in September 2017, and if the Equipment Upgrades "then available" are

unknown, the price of such upgrades is also unknown. *See Major League Baseball Props. v. Opening Day Prods.*, 385 F. Supp. 2d 256, 271 (S.D.N.Y. 2004) (pre-answer contract claim dismissed for lacking the "essential ingredient" of "price").[8]  Accordingly, WCA's citation to *Arbitron* (Opp. 12) is misguided because there is no way to "determine objectively" the amount of Equipment Upgrades absent "new expressions by the parties." *Arbitron, Inc. v. Tralyn Broad., Inc.*, 400 F.3d 130, 136 (2d Cir. 2005).  Here, WCA's failure to articulate the material terms of the Equipment Upgrade Bargain with sufficient definiteness renders WCA's claim ripe for dismissal.

**II.     PLAINTIFF'S EQUITABLE CLAIMS MUST BE DISMISSED**

WCA's duplicative quasi-contract claims must also be dismissed.  *See* Mov. Br. 20-25.  Contrary to WCA's conclusory assertions (Opp. 17), even if the Court dismissed the breach of contract claims, the implied breach of covenant claim must also be dismissed as it is based on the same allegations and seeks the same relief "intrinsically tied" to the damages resulting from the purported breach.  *See* Mov. Br. 22 (quoting *Rojas v. Don King Prods.*, No. 11 Civ. 8468 (KBF), 2012 U.S. Dist. LEXIS 32192, at *10-11 (S.D.N.Y. March 6, 2012)).

WCA's insufficiently plead promissory estoppel should likewise be dismissed. Notwithstanding the absence of a definite and unambiguous promise (*supra* at §§ I.B. and C.), there is simply no allegation that Panasonic said or did anything to induce "a reasonable and foreseeable reliance" on WCA's part.  *DDCLAB Ltd. v. E.I. du Pont de Nemours & Co.*, No. 03 CV 3654 (GBD), 2005 U.S. Dist. LEXIS 2721, at *18 (S.D.N.Y. Feb. 18, 2005) (to assess "the

---

[8] WCA entirely misinterprets *Major League* (Opp. 13), which held that there was "never a meeting of the minds between the parties" due to the indefiniteness of the compensation term (and any other term).  385 F. Supp. 2d at 272.  In so holding, the court accepted plaintiff's argument that the parties contemplated a future agreement to determine the amount, and rejected defendant's contention that the material term could be based on "industry standards." *Id.* at 271; *see also* Mov. Br. 19.

reasonableness of a plaintiff's alleged reliance, [the Court is] to consider the entire context of the transaction, including factors such as its complexity and magnitude, the sophistication of the parties, and the content of any agreements between them"). As previously established (Mov. Br. 24), the parties intended to negotiate a more definite agreement in the future, at best, thus WCA's reliance on a "vague and indefinite" promise "cannot be said to be reasonable." *See Ashland Inc. v. Morgan Stanley & Co.*, 700 F. Supp. 2d 453, 472 (S.D.N.Y. 2010), *aff'd*, 652 F.3d 333 (2d. Cir. 2011).

## CONCLUSION

For all the reasons stated above and in the moving papers, Defendant Panasonic Avionics Corporation respectfully requests that WCA III Holdings LLC's Amended Complaint be dismissed, as to Count I with respect to the eX1 system, and Counts II and III in their entireties, under Federal Rule of Civil Procedure 12(b)(6), together with such other and further relief as the Court may deem just and proper.

Dated: New York, New York
January 14, 2021

                                        Respectfully Submitted,

                                        LOEB & LOEB LLP

                                        By: */s/ Wanda D. French-Brown*
                                             Wanda D. French-Brown
                                             Mary Jean Kim
                                             345 Park Avenue
                                             New York, New York 10154
                                             (212) 407-4000

                                        *Attorneys for Defendant Panasonic Avionics Corporation*