**K&L GATES**

September 27, 2024

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/30/2024

**VIA ECF**

**MEMORANDUM ENDORSED**

Honorable Gregory H. Woods
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:   *WCA Holdings III, LLC v. Panasonic Avionics Corporation*
Case No. 1:20-cv-07472-GHW – Request for *In Camera* Review of Non-Privileged Documents

Dear Judge Woods:

We write pursuant to the Court's Individual Rules of Practice in Civil Cases 1(A) with respect to Plaintiff WCA Holdings III, LLC's ("WCA") request for relief concerning the privilege logs served by Defendant Panasonic Avionics Corporation ("Panasonic"). On September 27, 2024, the parties met and conferred and reached an impasse regarding the scope of privilege allowed under the Federal Rules of Civil Procedure. Ex. A. WCA now requests that the Court review 20 documents *in camera*. Panasonic does not consent to this request.

**WCA's Position**

On August 26, 2024, after months of WCA's repeated inquiries, Panasonic produced its first privilege log to WCA. Exs. B & C. This log consisted of numerous deficiencies, which generally fall into three categories of improper privilege assertions: (1) withheld email attachments where the attachment itself is not privileged,[1] (2) redactions made to "GCS weekly reports" where nothing on the face of the document indicates a showing of privilege, and (3) redacted and withheld email communications between non-attorneys and/or with an attorney copied but no legal advice sought or provided.

On September 6, 2024, WCA sent a letter to Panasonic challenging its privilege assertions. Exs. D & E. On September 16, 2024, with no reference or response to WCA's letter, Panasonic produced a supplemental privilege log containing an additional 70 documents. Exs. F & G. This log, however, was riddled with the same deficiencies. Ex. H. On September 23, 2024, the following week, Panasonic responded by letter largely opposing WCA's challenges, but also attached a second supplemental privilege log (again containing these same deficiencies). Exs. I–K. Because Panasonic continues to maintain its baseless privilege claims, WCA requests that the Court review

---

[1] *See* Ex. J, Sept. 23, 2024 letter from Counsel to Panasonic, p. 2, n. 2 (stating that one of the documents withheld as privileged is a "WCA invoice" that has previously been produced).

twenty documents *in camera* to assess Panasonic's claims and to compel production of all non-privileged documents.

(1) Panasonic's Withholding of Non-Privileged Attachments to Emails

In Panasonic's initial privilege log, it withheld over thirty documents claiming attorney-client and work product privilege because the document was an "[a]ttachment to privileged email communication for legal analysis." Ex. C. Even Panasonic's second supplemental privilege log does not list the author of these documents. Ex. K. This updated privilege log now states for some of the descriptions: "E-mail providing documents and/or information at counsels' request to obtain legal advice or analysis regarding GTA." *Id.*

It appears that there are two types of attachments at issue here. In their most recent letter, Panasonic states "the majority of these documents are confidential drafts from in-house attorneys provided in connection with rendering legal advice in connection with the GTA, and thus, constitute privileged attorney work-product." Ex. J, p. 2. WCA agrees that drafts from in-house attorneys would amount to protected material. Yet, Panasonic has refused to identify which of the withheld documents were drafted or edited by in-house counsel.

The second category is those that were provided in "response[] to in-house counsels' request for documents . . . ." Ex. J, p. 2. To be clear, non-privileged documents sent to an attorney are ***not*** automatically cloaked with privilege. *See Hayden v. Int'l Bus. Machines Corp.*, 2023 WL 4622914, at *4 (S.D.N.Y. July 14, 2024) (pre-existing document must contain confidential communications regarding legal advice to be covered by attorney-client privilege). Instead, the attachment must be "communicated in confidence between counsel and client for the purpose of obtaining legal advice." *Durling v. Papa John's Int'l, Inc.*, 2018 WL 557915, at *8 (S.D.N.Y. Jan. 24, 2018). WCA challenges Panasonic's assertions of privilege on the following documents: Log Nos. 3–5, 7, 74, 76, 78, 80, 82–89, 92–107, 114, 118, 120, 130–38, 175, and 181–85.[2]

(2) Panasonic's Redactions to "GCS Weekly Reports"

Panasonic has redacted portions of Panasonic's "GCS weekly reports," which appear to be internal reports circulated to a group of Panasonic employees. *See* Ex. K (Log Nos. 25–36). The privilege description listed is: "Document containing non-relevant privileged information." There is no indication that the text underlying these redactions was drafted by an attorney, nor does Panasonic state what privilege, if any, is being asserted. In response to WCA's challenges, Panasonic explains "[t]he redactions are reasonable and necessary to protect the confidentiality of Panasonic customers and projects, and have no relevancy whatsoever to this case." Ex. D, p. 1. This does not constitute a privilege claim. WCA challenges Panasonic privilege claims in Log Nos. 25–36.

(3) Panasonic's Redacted and Withheld Communications Between Non-Attorneys

---

[2] WCA is using the privilege log numbers on Panasonic's second supplemental privilege log, Ex. K.

2

The last set of documents involve communications between non-attorneys wherein Panasonic asserts privilege because either (1) an in-house attorney appears somewhere on the email chain or (2) where no attorneys are copied, but Panasonic asserts the non-attorneys are discussing the need to obtain in-house counsels' legal advice. Panasonic relies on *In re County of Erie* for its position, but that case requires the following for privilege to be asserted: "A party invoking the attorney-client privilege must show (1) a communication between client and counsel that (2) was intended to be and was in fact kept confidential, and (3) was made for the purpose of obtaining or providing legal advice." 473 F.3d 413, 419 (2d Cir. 2007) (citing *United States v. Const. Prod. Rsch., Inc.*, 73 F.3d 464, 473 (2d Cir. 1996)). Thus, if no counsel is present in the communication, there can be no assertion of privilege except in limited circumstances. *See, e.g.*, *AU New Haven, LLC v. YKK Corp.*, 2016 WL 6820383, at *4 (S.D.N.Y. Nov. 18, 2016) (finding that where no attorney is copied on a communication it must reference an attorney's counsel or communications to be privileged).

Further, even in circumstances where in-house counsel is copied, courts in this District look to the predominant purpose of an email. "Therefore, a document that is 'predominantly a business communication is not protected merely because it involved legal considerations and counsel was copied.'" *Monterey Bay Military Housing, LLC v. Ambac Assurance Corp.*, 2023 WL 315072, at *7 (S.D.N.Y. Jan. 19, 2023). Panasonic has sought to claw back certain documents on one or both of these bases, but it is evident that these emails often do not contain either direct or relayed attorney communications that warrant privilege protections. Where the predominant purpose of the email thread is a business communication, Panasonic should redact (rather than fully withhold) any text that expressly seeks or discusses in-house attorneys' advice. *Pearlstein v. Blackberry Ltd.*, 2019 WL 5287930, at *2 (S.D.N.Y. Oct. 3, 2019). WCA challenges Log Nos. 23, 37–49, 63–70, 75, 111, 117, 123–24, 174, 176, and 186–201.

WCA requests that the Court review a sample of 20 documents *in camera* to assess Panasonic's claims. WCA proposes review of the following Log Nos that consist of documents from each category above: 4, 11, 23, 26, 37, 38, 50, 63, 68, 70, 75, 76, 80, 83, 100, 118, 136, 176, 186, and 201.[3]

> Application denied. Plaintiff's request for the *in camera* review of 20 documents, Dkt. No. 155, is denied. If the parties wish to litigate Defendant's assertions of privilege over certain documents in discovery, the parties may propose a briefing schedule for a motion. Typically in such motions, the Court is asked first to evaluate the sufficiency of a party's privilege log before conducting an *in camera* review of documents. The Clerk of Court is directed to terminate the motion pending at Dkt. No. 155.
>
> SO ORDERED.
> Dated: September 30, 2024
>
> _____
> GREGORY H. WOODS
> United States District Judge

Respectfully,

/s/ Christopher M. Wyant

K&L Gates LLP
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-1158
Counsel for Plaintiff WCA Holdings III, LLC

---

[3] Both Log Nos. 23 and 201 are subject to Panasonic's claw back requests. WCA challenges Panasonic's claw back of Log Nos. 23 and 186–201.